IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SARAH YOUNG, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>BECTON, DICKINSON AND COMPANY, NICOLE ELLINGSON, an individual; and DEON LEITNER, an individual;<br><br>Defendants. | 8:22CV308<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on individual defendants' motion to dismiss plaintiff Sarah Young's complaint for employment discrimination and tortious interference. Filing No. 5. The motion is denied.

## BACKGROUND

As alleged, Ms. Young, who suffers an unspecified disability, began working for defendant Becton, Dickinson & Company in January 2020 as a "General Production Operator," but shortly thereafter experienced harassing and discriminatory treatment. Filing No. 1 at 6. After complaining to human resources, supervisors (and defendants), Nicole Ellison and Deon Leitner, added a new "Final Packing" task to Ms. Young's workload—a task that no other employee in her role had to perform. *Id.* at 7. The task aggravated Ms. Young's condition and, despite further complaint, Ellison and Leitner refused to relieve her. *Id.*

In September, Ms. Young took several months of disability leave for surgery, leave which Becton admittedly granted. *Id.* at 8. But in December 2020, when doctors approved Ms. Young to work with a 25-pound weight restriction, Becton refused her return. *Id.* Even in February 2021, then approved for an increased 50-pound weight

1

restriction, Becton instead placed Ms. Young on unpaid administrative leave. *Id.* Following further complaint, in March Becton permitted Ms. Young to return to work by May 10, 2021, but with no accommodation other than the weight restriction—meaning, among others, that Ms. Young would continue working under Ellison and Leitner. *Id.* Bound between the approaching deadline and lack of accommodation, Ms. Young failed to report, and was terminated for abandonment later that month. *Id.* at 9.

## PROCEDURAL HISTORY

In the Nebraska District Court for Custer County, Ms. Young sued Becton under both the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1101 *et seq.*, and Ellison and Leitner for tortious interference with her employment. Following removal, the ADA roots federal question jurisdiction and the Court exercises supplemental jurisdiction over the state claims. 28 U.S.C. § 1331, 1367(a). As noted above, Ellison and Leitner now move to dismiss the tortious interference claims against them. Filing No. 5.

## ARGUMENT & DISCUSSION

Ellison and Leitner first contend that the ADA and NFEPA preempt the claims against them. But aside from pointing to no support from either relevant appellate court here, the United States Court of Appeals for the *Eighth* Circuit and the Nebraska Supreme Court, this argument meets several inconsistencies. To start, the NFEPA itself shows that the ADA does not wholly preempt state law here. And unlike the statutory claims, neither disability nor discrimination form the basis of intentional interference. *Huff v. Swartz*, 606 N.W.2d 461, 466 (Neb. 2000). Moreover, given the parties' agreement that the ADA and NFEPA claims run only against the employer, Becton, Ms. Young's tort claim also offers relief the statutes do not afford. Again, Ellison and Leitner fail to cite any

2

Nebraska high court decision interpreting the NFEPA to preempt related tort claims. For now, then, this argument is rejected.

Ellison and Leitner next argue that Ms. Young fails to adequately plead their tortious interference. A complaint must allege sufficient factual matter to state a facially plausible claim for relief. Allegations must permit the reasonable inference, without speculation, that defendants are, in fact, liable for the conduct alleged. Factual allegations are taken as true; legal conclusions may be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Tortious interference with a business relationship involves (1) the existence or expectation of such relationship; (2) defendant's knowledge of it; (3) intentional and unjustified interference; (4) causation; and (5) damages. *Huff*, 606 N.W.2d at 466. Though light, Ms. Young's complaint satisfies Rule 8. Becton employed her. Ellison and Leitner, her supervisors, knew that fact, didn't want her working there, and didn't care if her back hurt. As a result, they placed a harmful burden on Ms. Young, the "Final Packing" task, unique among employees of her status—an unjustified singling out for embarrassment even ignoring the discrimination. The aggravation ultimately forced Ms. Young from her employment, depriving her of wages. This suffices.

## CONCLUSION

Ms. Young's pleadings traverse defendants' objections.

THEREFORE, IT IS ORDERED THAT the motion, Filing No. 5, is denied.

Dated this 15th day of December, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge